UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. _____

JOSE LUIS CARDENTEY, and other similarly situated individuals,

    Plaintiffs,

v.

ARNET PHARMACEUTICAL CORPORATION,

    Defendant.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, JOSE LUIS CARDENTEY ("Plaintiff") and other similarly situated individuals, sue the Defendant, ARNET PHARMACEUTICAL CORPORATION (the "Defendant"), and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant is a Florida company, having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR VIOLATION BY
## <u>ARNET PHARMACEUTICAL CORPORATION (OVERTIME)</u>

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly situated to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per

annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Defendant. The Defendant's business activities involve those to which the Act applies. The Defendant is a pharmaceutical company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by the Defendant as a Packaging Operator for the Defendant's business.

8. While employed by the Defendant, Plaintiff worked approximately an average of 46 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a Packaging Operator performing the same or similar duties as that of those other similarly situated Packaging Operators whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

9. Plaintiff worked for the Defendant from approximately 02/09/2015 to 08/13/2015. In total, Plaintiff worked approximately 26 compensable weeks under the Act, or 26 compensable weeks if counted 3 years back from the filing of the instant action.

10. The Defendant paid Plaintiff on average approximately $9.50 per hour.

11. However, the Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

12. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

13. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

   a. **Actual Damages: $2,259.64**

      i. <u>Calculation</u>: $9.50 (hourly pay) x 1.5 (overtime rate) x 6 (approximate number of overtime hours) x 26 (compensable weeks) = $2,223.00

   b. **Liquidated Damages:** $2,223.00

   c. **Total Damages: $4,446.00** plus reasonable attorneys' fees and costs of suit.

14. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendant who are and who were subject to the unlawful payroll practices and procedures of the Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

15. The Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Defendant as set forth above, and Plaintiff and those similarly

situated are entitled to recover double damages. The Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. The Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendant as set forth above.

17. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: 06/20/2016.

        Respectfully submitted,

By:  /s/ Martin Saenz
Martin Saenz, Esq.
Fla. Bar No.:  0640166
Email: msaenz@saenzanderson.com
Ed Rosenberg, Esquire
Fla. Bar No.: 88231
Email: ed@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549